IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| STEPHANIE KLEIN, | CIVIL ACTION |
| Plaintiff, | |
| vs. | Case No.:8:22-cv-1391 |
| M G CREDIT INC. | JURY TRIAL DEMANDED |
| Defendant._____/ | |

**NOTICE OF REMOVAL OF DEFENDANT**
**<u>M G CREDIT INC.</u>**

COMES NOW, the Defendant, M G CREDIT INC., through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and gives notice of removal to this Court of the case styled *Stephanie Klein v. M.G. Credit, Inc.* filed in the County Court of Pinellas County, Florida, case number 22-004150-SC-North ("State Court Lawsuit") to the United States District Court for the Middle District of Florida, and states as grounds as follows:

**BACKGROUND**

1. On May 31, 2022, Plaintiff, *Stephanie Klein* initiated this action by filing a complaint in the County Court of the Sixth Judicial Circuit in and for Pinellas County Florida. The case number assigned was 22-004150-SC-North . A true and correct copy of the complaint filed in the State Court Lawsuit is attached hereto as exhibit 1. *See* Doc. 1-1.

2. Service was effected on the sole Defendant, M G CREDIT INC. ("M G CREDIT") on June 8, 2022. *See* Doc. 1-2, page 1. This removal is timely pursuant to 28 U.S.C. §1446(b), since it has been filed within thirty days after formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 347-48 (1999).

**PROCEDURAL COMPLIANCE**

3. This case is properly and timely removed on the grounds that the complaint alleges a "civil action brought in a State Court of which the district Courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Specifically, the complaint alleges a violation by Defendant of four different sections the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq. Specifically, it alleges that Defendant violated: 1) 15 U.S.C. §1692c(b). *See* Doc 1-1, Complt. ¶¶ 44, 45, 84, 89; 2) 15 U.S.C. §1692e, *see* Doc 1-1, Complt. ¶¶ 110-115, 120-22, 130, and 134; 3) 15 U.S.C. §1692f, *see* Doc 1-1, Complt. ¶¶ 85, 88, 89, 120-22 and 134; and 4) 15 U.S.C. §1692g, *see* Doc 1-1, Complt. ¶¶ 96, 97, 100. As such, the complaint raises federal question jurisdiction, 28 U.S.C. §1331, and further the FDCPA provides that such claim maybe brought in "any appropriate United States district Court without regard to the amount in controversy. . . ." 15 U.S.C. §1692k(d).

4. Plaintiff's state law claim pursuant §559.72(5), Florida Statutes[1] is based upon the same transactions and occurrences which form the basis of FDCPA claim as a result this Court has supplement jurisdiction over the entire action. *See* 28 U.S.C. § 1367(a) ("district Courts shall have supplemental jurisdiction over all claims that are so related to claims in

---

[1] *See* Doc 1-1, Complt. ¶¶ 135-144 ( Fifth Count),

the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

**VENUE**

5. The Untied States District Court for the Middle District of Florida, Tampa Division, is the appropriate Court since said District and Division embraces the County Court of the Sixth Judicial Circuit, in and for Pinellas County Florida.   28 U.S.C. § 1441(a).

6. Defendant shall promptly give written notice of this notice of removal to Plaintiff and file a copy of this notice with the clerk of such state Court, which shall effect removal and the state Court shall proceed no further unless and until the case is remanded.  28 U.S.C. § 1446(d).

7. Defendant attaches to this Notice of Removal a copy of all process, pleadings and other documents filed in the State Court Lawsuit. Copies of all process, pleadings and documents formally served upon the Defendant are attached hereto as exhibit 1, *see* Doc. 1-1, and exhibit 2, *see* Doc. 1-2.  Defendant also includes the State Court Lawsuit docket sheet as exhibit 3, *see* Doc 1-3, from the state Court action, and copies of all documents contained in the clerk's records from the State Court Lawsuit as exhibit 4.  *See* Doc 1-4.

Wherefore Defendant requests this Court make any orders necessary to effect the removal of this action from the County Court of the Sixth Judicial Circuit in and for Pinellas County Florida and will prepare the true record of all proceedings that may have been had in the State Court, plus such further relief as the Court may deem appropriate.

Dated: June 20, 2022

|   |   |
|---|---|
|   | Respectfully submitted, |
| By: | /s/ Robert A. Vigh |
|   | ROBERT A. VIGH |
|   | FBN: 0991902 |
|   | SOLOMON, VIGH & SPRINGER, P.A. |
|   | P.O. BOX 3275 |
|   | TAMPA, FL 33601-3275 |
|   | (813) 229-0115 |
|   | rvigh@svslawfirm.com |
|   | Lead/Trial Counsel |
|   | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 20, 2022, I electronically filed the foregoing with the clerk of the Court using CM/ECF, and that a Notice of Electronic Filing of the foregoing has been generated and is being served upon all counsel of record this date.

*/s/ Robert A. Vigh*
ROBERT A. VIGH
FBN: 0991902
Attorneys for Defendant